## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Pixel Display LLC,**<br><br>         Plaintiff,<br><br>     v.<br><br>**Compal Electronics, Inc.**<br><br>**Best Buy Co. Inc.**<br><br>         Defendant. | **Case No.  6:20-cv-909**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pixel Display LLC ("Pixel Display" or "Plaintiff") files this Complaint for patent infringement against Defendants Compal Electronics Inc. and Best Buy Co. Inc. ("Compal" and "Best Buy" respectively or "Defendants" collectively), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 7,245,343 (the "'343 Patent").

## PARTIES

2.      Pixel Display is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business 106 E Sixth Street, Suite 900, Austin, Texas 78701.

3.      On information and belief, Compal is a corporation organized under the laws of Taiwan, with its principal place of business located at No 581 & 581-1 Ruiguang Road, Neihu District, Taipei 114, Taiwan. Compal Corp. does business in the State of Texas and in the Western District of Texas. Best Buy is a corporation organized under the laws of Minnesota with its principal place of business located at 7601 Penn Ave S, Richfield, MN 55423-8500, United States. Best Buy maintains a place of business at 4627 S Jack Kultgen Expy, Waco, TX 76706, United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United Sates, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendants are subject to personal jurisdiction of this Court on the basis that Defendants have conducted business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. Defendants have purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendants regularly sell (either directly or indirectly), their products within this district. For example, Defendants have placed and/or continues to place infringing products into the stream of commerce via an established distribution channel with the knowledge or understanding

that such products are being and will continue to be sold in this Judicial District and the State of Texas. Defendants are subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial and pervasive business in this State and judicial district, including at least part of their infringing activities alleged herein and deriving substantial revenue from goods sold to Texas residents.

6.     Venue is proper in this District under 28 U.S.C. § 1391, 28 U.S.C. § 1400, and *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972). There is no clearly more convenient venue.

7.     Upon information and belief, Defendants Compal and Best Buy have significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## <u>COUNT I</u>
## <u>(Infringement of U.S. Patent No. 7,245,343)</u>

8.     Pixel Display incorporates paragraphs 1 through 7 as though fully set forth herein.

9.     Plaintiff is the owner, by assignment, of U.S. Patent No. 7,245,343 (the "'343 Patent"), entitled LIQUID CRYSTAL DISPLAY DEVICE, which issued on July 17, 2007. A copy of the '343 Patent is attached as Exhibit A.

10.    The '343 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.    Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '343 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other

things, directly or through intermediaries, engaging in the manufacturing and/or having manufactured, selling and/or offering to sell within the United States, using in the United States, and/or importing into the United States LCD and LED panels containing functionality covered by one or more claims of the '343 Patent, for example, including, but not limited to, Toshiba branded LED HD TV's (the "Accused Instrumentality"). Defendant in directly infringing, literally infringing, and/or infringing the '343 Patent under the doctrine of equivalents.

12.     The Accused Instrumentality infringes claim 1 of the '343 Patent as it is a liquid crystal display device, comprising: a first substrate on which a plurality of pixel electrodes are formed, said plurality of pixel electrodes comprising a symmetrical shape; a second substrate on which an opposing electrode is formed; a liquid crystal layer sandwiched between said first and second substrates, said second substrate further having thereon a plurality of protrusions, each of said protrusions being positioned at a central portion of a corresponding one of said pixel electrodes and elongated toward the first substrate; and an alignment layer formed between said plurality of protrusions and said first substrate, wherein said plurality of protrusions comprises a rod-shaped spacer extending between said first and second substrates.

13.     Defendant Best Buy sells the Accused Instrumentality at its retail locations in the District (See: https://www.bestbuy.com/site/toshiba-32-class-led-hd-smart-fire-tv-edition-tv/6211003.p?skuId=6211003). Defendant Compal produces the Accused Instrumentality as a licensee to the "Toshiba" trademark (See: http://tvna.compal-toshiba.com/us/en/products/lf221u/ '"Toshiba" is a registered trademark of Toshiba Corporation and its used by Compal Electronics, Inc. or its subsidiary for products

described here in under license from Toshiba Visual Solutions Corporation. Compal is the manufacturer or is the entity responsible as manufacturer for the products described here in.').

14.    Regarding Claim 1, the Accused Instrumentality is a liquid display device.



15.    The Accused Instrumentality includes a first substrate (e.g. TFT Filter Substrate). Cross section of display:



16.     The first substrate includes a plurality of pixel electrodes formed in a symmetrical shape. Surface view of first substrate:



17.    The Accused instrumentality includes a second substrate (e.g. Color Filter Substrate). Cross section of display:



18.     The second substrate includes a plurality of electrodes, which oppose the

first electrodes. Surface view of the second substrate:



19.     Overlay of first and second substrates to show alignment of pixel electrodes and opposing electrodes:



20.     The Accused instrumentality includes a liquid crystal layer sandwiched between the first and second substrates.



21.     The second substrate includes a plurality of protrusions.



22.    The protrusions are positioned at a centralized location between the corresponding pixel electrodes.



23.    The protrusions are elongated toward the first substrate.



24.     The Accused instrumentality includes an alignment layer formed between the protrusions and the first substrate.



Higher magnification image to show the alignment layer:



25.     The plurality of protrusions comprise rod shaped spacers which extend
between the first and second substrates.



26.     Pixel Display has been damaged by Defendant's infringing activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against
Defendant:

26.     declaring that the Defendant has infringed the '343 Patent;

27.     awarding Plaintiff its damages suffered as a result of Defendant's
        infringement of the '343 Patent;

28.     awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

29.     granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:          October 1, 2020          Respectfully submitted,


By: */s/ Neal G. Massand*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
PIXEL DISPLAY LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Neal Massand*

Neal Massand